UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MELISSA M. PITMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-356 |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412 [DE 36] and the Supplemental Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412 [DE 43] filed by the plaintiff, Melissa Pitman, on June 23, 2017 and August 11, 2017, respectively. For the following reasons, the motions are **GRANTED.**

*Background*

The plaintiff, Melissa M. Pitman, applied for Disability Insurance Benefits and was found not disabled by the Social Security Administration. Pitman appealed the decision to this court, and on March 31, 2017, the ALJ's decision was remanded for further proceedings. On June 23, 2017, Pitman filed the instant motion for attorney's fees, requesting $10,008.40 for 52.40 hours of work, plus costs of $400.00. The Commissioner disputes whether the amount of time billed and Pitman's requested fee were reasonable.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Pitman also has filed a supplemental motion for award of attorney's fees under the EAJA, seeking recovery of an additional $1,824.05 in attorney fees for the 9.55 hours that counsel spent on this litigation after the Commissioner opposed her motion for EAJA fees. The Commissioner has not filed a response to Pitman's supplemental motion, and the time to do so has passed.

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. **28 U.S.C. § 2412(d)(1)(A);** *see also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award; (3) a showing of the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; and (4) an allegation that the position of the United States was not substantially justified. **28 U.S.C. § 2412(d)(1)(B);** *see also* **Scarborough v. Principi**, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); **United States v. Hallmark Constr. Co**., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

The Commissioner has not contested that Pitman was the prevailing party, that she is eligible to receive an award, and that the position of the United States was substantially justified. However, the Commissioner disputes whether the amount of time Pitman's attorney billed was reasonable. Hours that are not properly billed to one's client also are not properly billed to one's

adversary pursuant to statutory authority. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 437, 103 S.Ct. at 1940. The amount of a fee award is left to the discretion of the district court because of its superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. *See Hensley*, 461 U.S. at 437, 103 S.Ct. at 1940; *Montanez v. Simon*, No. 13-1692, 2014 WL 2757472, at *6 (7th Cir. 2014) (explaining that the court has broad discretion to strike vague or unjustified billing entries).

The Commissioner has argued that because the record was of moderate size and the case did not involve any complex or novel issues, it did not warrant 39.85 hours of work drafting an opening brief and 52.4 hours of attorney time in total. The Commissioner has indicated that the record was only 858 pages and further has argued that Pitman has not met her burden of proof that the hours were reasonably expended. The Commissioner contends that courts have found similar numbers of hours excessive and subsequently reduced the amounts claimed. However, in *Donaldson v. Colvin,* 2013 WL 1156414, at *2-3 (S.D. Ill. 2013), the court found that the plaintiff had made calculation errors in the billing hours, and the hours were reduced, which has not been alleged in this matter. The court also found that the amount of time spent briefing was excessive, but did not explain why, other than stating that the issues were common in Social Security Cases. *Donaldson,* 2013 WL 1156414, at *2-3.

In her reply brief, Pitman referred the court to several cases that awarded attorney's fees for similar hours of work on opening briefs. In *Vian v. Commissioner of Social Security*, Cause No. 1:15-cv-00040-SLC, 2017 WL 233516 *2 (N.D. Ind. May 26, 2017), the court found that

3

37.5 hours spent preparing and drafting an opening brief was not excessive and cited several other recent cases that all found that 34-38 hours spent working on an opening brief was not excessive. *See, e.g.*, ***Monk v. Colvin***, No. 2:15-cv-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016) (finding 37.6 hours spend reviewing the record and drafting the opening brief "on par with the time that other courts in this circuit have found reasonably expended during the initial stage of a social security appeal" (citations omitted)); ***Verlee v. Colvin***, No. 1:12-CV-45-TLS, 2013 WL 6063243, at *9 (N.D. Ind. Nov. 18, 2013) (approving 36.4 hours spent preparing an opening brief); ***Garcia v. Colvin***, No. 1:11-cv-00165, 2013 WL 1343662, at *2 (N.D. Ind. Apr. 3, 2013) (approving 37.75 hours spent reviewing the transcript, researching, and preparing an opening brief that raised six arguments); ***Burke v. Astrue***, No. 08 C 50136, 2010 WL 1337461, at *3 (N.D. Ill. Mar. 31, 2010) (concluding that 34.4 hours was a reasonable amount of time to expend reviewing the transcript, researching, and drafting a 13-page, 1.5 spaced opening brief that raised five issues); ***Upperton v. Barnhart***, No. 02-C-0534-C, 2003 WL 23185891, at *2 (W.D. Wis. Nov. 13, 2003) (determining that it the facts section, reviewing a 499-page transcript and drafting and revising a 32-page brief that advanced seven arguments was not unreasonable for two attorneys to spend 37.1 hours, which included 11.1 hours drafting).

  Similarly, the time spent on the opening brief in this matter was 39.40 hours, including reviewing a fact intensive 858 page record, which is within what is considered reasonable. Pitman contends that her medical history was diverse and lengthy, which required a 13 page Statement of Facts that focused on medical evidence. Also, counsel had to respond to the seven reasons that the ALJ gave to discount Pitman's credibility. Pitman has indicated that the overall time spent by counsel was well within the parameters considered reasonable by the courts within the Seventh Circuit. In addition, the Commissioner has failed to identify any specific entries that

4

were unreasonable. *See* **Gibson ex rel. C.E. v. Astrue**, 2013 WL 250668, *4 (N.D. Ill. Jan. 23, 2013) (explaining that the hours would not be reduced because the Commissioner did not specify a single entry that he claimed to be unreasonable) (citing **Schulton v. Astrue**, 2010 WL 2135474, at *1 (N.D. Ill. 2010)). Taking all of this into consideration, the time billed by Pitman's counsel was reasonable.

Next, the Commissioner has argued that the Pitman's adjusted hourly rate, $191.00, was improper. There is a statutory cap of an hourly rate of $125.00 for reasonable attorney fees under the EAJA. **28 U.S.C. § 2412(d)(2)(A)(ii).** However, the statute allows for a cost of living adjustment when "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." **28 U.S.C. § 2412(d)(2)(A)(ii).** "Courts should generally award the inflation-adjusted rate according to the [Consumer Price Index], using the date on which the legal services were performed." ***Sprinkle v. Colvin*,** 777 F.3d 421, 428 (7th Cir. 2015).

The Commissioner contends that Pitman's counsel should have calculated the cost of living increase using the "Midwest Urban" average of the Consumer Price Index, resulting in an hourly rate of $187.26, rather than the "All Urban" index. The Commissioner has indicated that a regional index, specifically the Midwest urban areas, is more appropriate because it most accurately reflects the increase in the cost-of-living.

Pitman has argued that the national CPI should control because it is consistent with the language in 28 U.S.C. 2412(d)(2)(A) and fulfills the purpose of the EAJA statutory gap. Pitman contends that using a regional index may lead to further litigation issues because there are multiple regional and local indexes that could be applied and it may be difficult to ascertain which regional index should be used if legal fees are incurred in multiple regions. Further,

5

Pitman has indicated how her counsel calculated the requested hourly rate of $191.00, based on the cost of living increase established by national CPI since March of 1996. Also, counsel for Pitman has provided evidence that the rate requested is in line with similar services by lawyers of comparable skill and experience.

District courts in the Seventh Circuit have used both the national average and the regional average, and the Seventh Circuit has left the issue to the discretion of the district courts. *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015). However, the Northern District of Indiana routinely uses the national CPI in setting the hourly rate. *Ruiz v. Colvin,* 2016 WL 2908287, at *2 (N.D. Ind. 2016); *Hamrick v. Astrue***,** No. 1:09-CV-179, 2010 WL 3862464, at *3-4 (N.D. Ind. Sept. 27, 2010); *Boyanowski v. Colvin***,** No. 1:12-CV-139, 2014 WL 146184, at *2 (N.D. Ind. April 15, 2014). Because the Seventh Circuit has left this issue to the discretion of the district courts and Pitman's hourly rate based on the national CPI is consistent, the court will apply the national CPI in this case. Therefore, Pitman has justified her requested hourly rate of $191.00.

Based on the foregoing reasons, the court **GRANTS** the Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412 [DE 36] and the Supplemental Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. 2412 [DE 43]. The Commissioner is **ORDERED** to pay $11,832.45 in fees and $400.00 in costs, for a total of $12,232.45. If the Commissioner can verify that Pitman owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Pitman's attorney in accordance with the EAJA assignment between Pitman and her counsel.

ENTERED this 12th day of October, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge